IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAFAEL ALMEIDA-MARTINEZ [1],

Defendant.

CRIMINAL NO.  11-449 (DRD)

## REPORT AND RECOMMENDATION

Defendant Rafael Almedia-Martínez charged in Counts One through Three of an Indictment and he agreed to plead guilty to Count One of the Indictment.  Count One charges that, on or about October 17, 2011, on the high seas, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other, and with other persons known and unknown, to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States, that is, a vessel in the customs waters of the United States.  The District of Puerto Rico was the first point of entry where the defendants entered the United States following the commission of the aforesaid offense. All in violation of Title 46, United States Code, Sections 70502(c)(1)(D), 70503(a)(1), 70504(b)(1) & 70506(a) and (b).

On July 16, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Rafael Almeida-Martínez [1]
Criminal No. 11-449 (DRD)
Report and Recommendation
Page 2

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, AFPD Yazmín A. Irizarry, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, AFPD Irizarry, indicated he freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The defendant hereby expressly accepts responsibility for conspiring to distribute 15 but less than 50 kilograms of cocaine.  The penalty for the offense charged in Count One  is term of imprisonment of at least ten (10) years and not more than life, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of at least five (5) years.

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea  Agreement (Pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page three, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, the Base Offense Level is of Thirty-Four (34) (at least 15 kilograms but less than 50 kilograms of cocaine).  A three (3) level decrease is agreed for capped offense, pursuant to USSG §2D1.1.   A two (2) level decrease is agreed for minor participant. A three (3) level decrease is agreed for acceptance of responsibility.   A two (2) level decrease is agreed upon compliance with USSG §5C1.2. Therefore, the Total Offense Level is of Twenty-Four (24), yielding an imprisonment range

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized she explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

of fifty-one (51) to sixty-three (63) months if the Criminal History Category is I; fifty-seven (57) to seventy-one (71) months if the Criminal History Category is II; sixty-three (63) to seventy-eight (78) months if the Criminal History Category is III; seventy-seven (77) to ninety-six (96) months if the Criminal History Category is IV; ninety-two (92) to one hundred and fifteen (115) months if the Criminal History Category is V; and one hundred (100) to one hundred and twenty-five (125) months if the Criminal History Category is VI.

The United States and the defendant, after considering the advisory Sentencing Guidelines and all applicable sentencing factors in Title 18, United States Code, Section 3553, agree to recommend that defendant be sentenced to serve a term of imprisonment at the lower end of the applicable guidelines, or 51 months; defendant has further reserved the right and the government will not objet to request the Court depart downward an additional 2 points based on the defendant's physical condition; and if the Court accepts this downward departure, the defense reserves the right to request a term of imprisonment of 41 months.

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties.  Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is a reasonable sentence.

At sentencing, the United States will request the Court the dismissal of any and all remaining counts in the indictment against the defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

There parties do not stipulate any assessment as to the defendant's Criminal History Category.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of  counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal

must be filed within fourteen (14) days of judgment being entered in the case.  Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph twenty (20) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.  Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense.   Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 11–449 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 11-449 (DRD).

United States of America v. Rafael Almeida-Martínez [1]
Criminal No. 11-449 (DRD)
Report and Recommendation
Page 8

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set promptly, before Honorable Daniel R. Domínguez,

District Court Judge.

San Juan, Puerto Rico, this 18th day of July of 2012.

                    s/ CAMILLE L. VELEZ-RIVE
                    CAMILLE L. VELEZ-RIVE
                    UNITED STATES MAGISTRATE JUDGE